IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 1:10-cv-183-SJM |
| v. ) | |
| ) | |
| LARRY A. LORENO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

McLAUGHLIN, Sean J., Chief District J.,

This civil action was commenced on July 28, 2010 when the United States filed its 8-count Complaint for Federal Taxes [1] against Defendant Larry A. Loreno.[1] Count 1 of the Complaint seeks an order from this Court reducing Loreno's tax assessments to judgment. Counts 2 through 8 of the Complaint seek foreclosure on various asserted tax liens. This Court's subject matter jurisdiction is premised upon 28 U.S.C. §§ 1331, 1340, and 1345 as well as 26 U.S.C. §§ 7402(a) and 7403.

Presently pending before the Court is the Government's motion for partial summary judgment as to Count 1 of the Complaint and Loreno's motion for summary judgment as to all counts. For the reasons set forth below, the Government's motion for partial summary judgment will be granted and Defendant Loreno's motion for summary judgment will be denied.

---

[1] The complaint also named as Defendants Loreno's wife as well as the Mercer County Tax Claim Bureau, Greenville Borough, Bank of America, the Commonwealth of Pennsylvania, and the Crawford County Tax Claim Bureau based on the Government's belief that some or all of these parties might claim an interest in the property that is the subject of the Government's foreclosure suit. The United States subsequently moved for a default judgment against each of the foregoing Defendants, with the exception of Bank of America. On June 10, 2013, this Court granted the Government's request for default judgments. For present purposes, we are concerned only with the Government's causes of action against Loreno personally.

# I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the clams in question. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Country Floors, Inc. v. Partnership Composed of Gepner and Ford*, 930 F.2d 1056, 1061 (3d Cir.1990). A material fact is one whose resolution will affect the outcome of the case under applicable law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

Once the moving party meets its initial burden, it then becomes the non-movant's burden to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Company v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-461 (3d Cir.1989). Under Rule 56(c)(1), a non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations…, admissions, interrogatory answers, or other materials; or (B) showing that the materials citied [by the opposing party] do not establish the absence … of a genuine dispute..." Fed. R. Civ. P. 56(c)(1).

At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at

247-249. See *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" ).

## II.     BACKGROUND

Loreno is a resident of Jamestown, Pennsylvania, which is located in Mercer County, within this judicial district. In 2002 and 2003, the Internal Revenue Service made assessments against Loreno for unpaid federal taxes relative to the tax years 2000, 2001 and 2002. Despite the Government's notices and demands for payment, Loreno has failed to pay the full amounts allegedly due. In the meantime, interest, costs, and statutory additions accrued on the assessments such that, as of May 3, 2010, a sum of $135,580.00 allegedly remained due and owing to the United States.

It is the Government's position that, by virtue of the assessments previously described, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322, and these liens attached to all property and rights to property then owned or thereafter acquired by Loreno. Notices of these federal tax liens were filed in the offices of the Mercer County Prothonotary and the Crawford County Prothonotary.

In the course of its investigation, the IRS discovered that Loreno acquired an interest in certain real and personal property. The United States maintains that its federal tax liens attach to these properties.

## III.     DISCUSSION

In its motion for partial summary judgment, the United States seeks to reduce to judgment its assessments for Loreno's income tax liabilities for the tax years 2000,

2001, and 2002.  A delegate of the Secretary of the United States Treasury assessed federal income taxes and statutory additions to tax against Loreno for the tax years 2000 through 2002 as set forth below:

| Type of Tax | Tax Period(s) Ending | Assessment Date | Amount Due |
|---|---|---|---|
| Individual Income Tax | 2000 | 07/08/2002 | $ 79,181 |
| Individual Income Tax | 2001 | 06/03/2002 | $ 2,933 |
| Individual Income Tax | 2002 | 11/24/2003 | $ 53,466 |

The foregoing amounts reflect the totals allegedly due and owing as of May 3, 2010.  Thus, the Government contends that, for tax years 2000 through 2002, Loreno's indebtedness for federal income taxes and statutory interest and penalties totaled $135,580 as of May 3, 2010 and have continued to accrue since that time.

"An assessment is a determination by the IRS that a taxpayer owes the federal government a certain amount of unpaid taxes."  *United States v. Kavanaugh*, No. 02:07–cv–0432, 2009 WL 1177088 at *5 (W.D. Pa. April 29, 2009) (*citing United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002)).  An assessment is entitled to a legal presumption of correctness.  *Id.* at *5-6.  Under federal tax law, a tax lien is deemed to exist against all of a taxpayer's property as of the date an assessment of unpaid taxes is made if that assessment remains unpaid.  See 26 U.S.C. §§ 6321 and 6322; *United States v. Green*, 201 F.3d 251, 253 (3d Cir. 2000).

Moreover, "[b]ecause the IRS's determination that a tax is owed is presumed correct, the United States can establish a prima facie case of the tax liability charged by

introducing into evidence certified copies of the certificates of tax assessment." *United States v. Stuler*, 396 Fed. Appx. 798, 801 (3d Cir. 2010); *See also Green*, 201 F.3d at 253 (assessments are presumed to be valid and establish a prima facie case of liability against a taxpayer) (*citing United States v. Vespe*, 868 F.2d 1328, 1331 (3d Cir.1989)). In addition, an affidavit filed with the Court which is signed by an IRS officer and which details the tax payer's total tax liability, including interest and penalties, is entitled to a presumption of correctness. *United States v. Mazzara,* 530 F. Supp. 130, 1382 (D.N.J. 1982).

Once a prima facie case has been made, the taxpayer bears the burden of proving that the assessment is incorrect. *Stuler, supra*, at 801; *Francisco v. United States*, 267 F.3d 303, 319 (3d Cir. 2001). The presumption of correctness, which attaches to the Government's assessment, and the corresponding shifting of the burden of proof, are grounded in public policy concerns – namely, further the goal of "requiring the taxpayer to meet certain bookkeeping obligations" and "recogniz[ing] that the taxpayer has more readily available to him the correct facts and figures." *Psaty v. United States,* 442 F.2d 1154, 1160 (3d Cir. 1971).

In this case, the IRS made assessments against Loreno for unpaid federal income taxes and statutory additions as set forth above. The United States has supplied to the Court copies of the relevant IRS Forms 4030 – "Certificates of Assessments and Payments," as detailed in the declaration of IRS Advisor Dennis L. Bohn. According to Mr. Bohn, the unpaid balance of the tax assessments made against Loreno for the tax years in question, together with statutory additions, interest and costs, now totals $141,768.70 as of January 14, 2013, broken down as follows:

| Type of Tax | Tax Period(s) Ending | Amount Due |
|---|---|---|
| Individual Income Tax | 2000 | $ 81,321.31 |
| Individual Income Tax | 2001 | $ 1,789.67 |
| Individual Income Tax | 2002 | $ 58,657.72 |

Mr. Bohn's declaration further states that proper notices and demands for payment of these tax assessments were made on Loreno in accordance with 26 U.S.C. §6303; however, Loreno has failed to fully pay the amounts of the accrued tax liabilities. Furthermore, according to Mr. Bohn, Notices of Federal Tax Lien for these assessments were duly filed with the Mercer and Crawford County Prothonotaries in accordance with federal regulations. Mr. Bohn's declaration is accompanied by copies of the aforementioned certificates of assessments and notices.

Accordingly, the Government has satisfied its *prima facie* burden of establishing the accuracy of its assessments against Loreno for tax years 2000, 2001, and 2002. Loreno has not responded directly to the Government's motion for partial summary judgment, but he has filed his own Rule 56 motion which predated the Government's Rule 56 motion. In his papers, Loreno raises two arguments which he believes entitle him to summary judgment. Neither argument has merit.

A.

First, Loreno contends that the Government's notices and demands for payment were deficient under 26 U.S.C. § 6303. This statute provides that, within 60 days of making an assessment of tax deficiency, the Government must send a notice of assessment and demand for payment to the taxpayer's last known address. 26 U.S.C. §6303(a). If the taxpayer thereafter fails to pay the deficiency, a lien arises "in favor of the United States upon all property and rights to property ... belonging to such person." 26 U.S.C. § 6321.

Loreno claims that the United States has not provided, and cannot provide, any documentation that it gave him a copy of the notice and demand required by § 6303(a) within sixty days of the assessments for the tax years in question. Consequently, Loreno argues, the United States cannot enforce any tax liens against him.

This argument lacks merit, as the United States has supplied the relevant documentation in connection with its own motion for partial summary judgment. Specifically, the United States has submitted copies of the relevant Form 4340 for each of the tax years in question, accompanied by a declaration from IRS Advisor Bohn attesting to the validity and authenticity of the information contained in those forms. Numerous courts have found that these forms constitute *prima facie* evidence that the notice of assessment and demand for payment were mailed to the taxpayer in accordance with the statute. *See, e.g., United States v. Bodwell,* 134 F.3d 379, 1998 WL 21994 at *1 (9th Cir. 1998) (Table) (Case No. 97-15316) (holding that Government's submission of Form 4340 constituted sufficient evidence of notice and demand for payment for purposes of § 6303(a)) (citing *Hanson v. United States,* 7 F.3d 137, 138 (9th

Cir. 1993)); *United States v. Chila*, 871 F.2d 1015, 1019 (11th Cir. 1989) (holding that, where the taxpayer failed to affirmatively establish that the § 6303 notice was *not* sent, the Government's submission of a Form 4340 certifying the mailing of such a notice was "clear" evidence that such notice was sent and was sufficient to support a grant of summary judgment); *Perez v. United States,* No. 3:00CCV00302, 2001 WL 1836185 at *6 (W.D. Tex. Oct. 11, 2001) ("It is generally held that where a taxpayer contends that he did not receive a notice of assessment and demand for payment as required by section 6303, and the United States counters by presenting an IRS Form 4340 indicating that such notice and demand were in fact sent to the taxpayer, the Form 4340 "is sufficient to establish that the notices were sent, and that the notices satisfied the requirements of § 6303(a) by informing the [taxpayer] of the amount owed, and by requesting payment."); *Gaertner v. Fuller,* Civ. A. No. 92–2449, 1994 WL 758345 at *2 (W.D. Pa. Oct. 20, 1994) (government's submission of Form 4340 for the tax years in question would be considered "presumptive proof that procedures were followed correctly in making the statutory required assessments and that notice of such assessments ha[d] been provided to the taxpayer").

  To the extent Loreno is contending that we should draw an adverse inference based on the Government's failure to adduce an actual copy of the notice and demand that it reportedly sent, we reject this invitation. The presumption of the government's compliance with §6303(a) which is created upon submission of certificates of assessments and payments "is not rebutted by a subsequent failure of the IRS to present a copy of the notice and demand letter because the notices are computer generated and do not exist in hard copy." *Pursifull v. United States,* 849 F. Supp. 597,

601 (S.D. Ohio 1993). *See also United States v. O'Callaghan,* 500 Fed. Appx. 843, 850 (11th Cir. 2012) ("[A] Form 4340 is sufficient, without a copy of the actual notice of assessment, to prove issuance and notice of a valid assessment.") (citing cases).

Here, Defendant has not alleged that he failed to receive notice of his tax liability or its assessment. Because he has not proffered any evidence to rebut the Government's *prima facie* evidence of a valid assessment and compliance with §6303(a), Loreno has failed to establish any issue of fact precluding summary judgment in favor of the Government, much less has he established a basis for a Rule 56 judgment in his own favor.

Furthermore, even if Loreno could establish the Government's failure to comply with §6303(a)'s notice requirement, this would not preclude summary judgment in favor of the Government. Although the point has apparently not been decided in this circuit, numerous federal circuit courts have held that failure to give §6303(a) notice does not bar the Government from commencing a civil action against a taxpayer for the collection of unpaid taxes. *See Anuforo v. C.I.R.,* 614 F.3d 799, 805 (8th Cir. 2010) ("The government is correct [that] our sister circuits have consistently held notice and demand is required when the government wishes to proceed administratively, such as by filing a tax lien under I.R.C. § 6321, or by administrative levy under I.R.C. § 6331(a). … However, notice and demand are not required when the government files a civil action because the filing of the action allows the taxpayer sufficient time to consider and pay any tax that is due before a judgment or lien can be placed upon his property.") (citing authority). Accordingly, Loreno's first argument in favor of summary judgment and in opposition to the Government's motion for summary judgment lacks merit.

B.

Loreno's second argument is that the Government's civil claims are untimely because they were not filed within the applicable statute of limitations period, which Loreno claims is six years from the date of assessment. Loreno is mistaken.

Section 6321 of the Internal Revenue Code creates a lien in favor of the United states "upon all … property and rights to property, whether real or personal" belonging to a taxpayer, if that taxpayer is liable to pay taxes but neglects or refuses to pay such taxes "after demand." 26 U.S.C. §6321. This lien arises at the time of assessment and continues until the liability is satisfied or becomes unenforceable "by reason of lapse of time." 26 U.S.C. § 6322.

Section 6502 is the applicable statute of limitations for this action. This provision states, in relevant part, that:

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun ... within 10 years after the assessment of the tax.

26 U.S.C. § 6502(a)(1). Accordingly, the tax liens which arose in this case by virtue of 26 U.S.C. § 6321 are enforceable so long as the Government commenced its court action within ten years after the applicable assessment dates.

Here, there is no dispute that the assessments were made on July 8, 2002, June 3, 2002, and November 24, 2003, respectively, for tax years 2000, 2001, and 2002. Since the earliest assessment was made on June 3, 2002 and this action was commenced on July 28, 2010, the instant action is clearly timely. Consequently, Loreno's second argument in favor of summary judgment, and in opposition to the Government's case, lacks merit.

## IV. CONCLUSION

In sum, the Government has established a *prima facie* case that its assessments of Loreno's tax liabilities for the years 2000 through 2002 are accurate and that proper notice of the assessments and demand for payment were given in compliance with the Internal Revenue Code. Because Loreno has failed to rebut this presumption, and because the Government's claims are clearly timely, Loreno's motion for summary judgment will be denied and the Government's motion for summary judgment as to Count 1 will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
        Plaintiff, ) No. 1:10-cv-183-SJM
v. )
)
LARRY A. LORENO, et al., )
)
        Defendants. )

## O R D E R

AND NOW, to wit, this 12th Day of June, 2013, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment [38] shall be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed on behalf of Defendant Larry A. Loreno [34] shall be, and hereby is, DENIED.

        s/   Sean J. McLaughlin

           SEAN J. McLAUGHLIN
           Chief United States District Judge

cm:    All Counsel of Record