# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 1:10-cv-183 |
| v. | ) | |
| LARRY A. LORENO, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are two related matters: (1) the UNITED STATES' MOTION TO COMPEL LARRY LORENO TO RESPOND TO DISCOVERY (ECF No. 84), with affidavit and exhibits in support; and (2) the consequences of Larry A. Loreno's failure – on two (2) occasions – to appear personally at Court-scheduled hearings to determine whether or not he should be held in contempt of court for failing to respond to that discovery. In other words, should Loreno be held in contempt in absentia for failing to appear at his Court-ordered contempt hearing(s)?

Factual and Procedural Background

This is a case to recover unpaid federal taxes by Larry A. Loreno for tax years 2000, 2001, and 2002. The litigation has been pending for four years, and counting. The Court has previously entered Judgment in favor of the United States and against Loreno; has authorized the United States to pursue forced sales of the real properties at issue in Counts II, III, IV and VII of the complaint; and has authorized the United States to conduct discovery into Loreno's other financial assets, including but not limited to the firearm collection in Count VIII, so that the government may have its judgment satisfied.

1

The United States served interrogatories and document requests on Loreno in August 2014. Loreno ignored them entirely – he had no communication with the government or the Court. On October 6th and 10th, government attorney Geoffrey Klimas left messages for Loreno's attorney of record, P. Raymond Bartholomew. On October 14th, Bartholomew promised Klimas that complete discovery responses would be provided by the end of that week. *See* Klimas Declaration. When no responses were forthcoming, the United States filed the pending Motion to Compel.

On October 27, 2014, the Court ordered Loreno and Bartholomew to appear <u>personally</u> on November 4, 2014 at 2:00 p.m., to show cause why Loreno should not be held in civil contempt of Court. On October 30th, Loreno belatedly provided some discovery responses to the government. The United States reported that Loreno had failed to adequately respond to its interrogatories requests and had failed to produce any documents whatsoever. Thus, the Court did not cancel the contempt hearing.

At approximately 12:10 p.m., on November 4, 2014, the Court received a telephone call from Bartholomew, who reported that Loreno would be unable to attend the hearing that day due to his medical condition. With the consent of the government, the Court postponed the hearing. Bartholomew was instructed by the Court to confer with the United States and to file a motion with dates on which the contempt hearing could be re-scheduled. One of the three dates proposed by Loreno was November 20, 2014 at 2:00 p.m., which the Court accommodated. Loreno and Bartholomew were again ordered to appear <u>personally</u>.

Loreno was also ordered to provide to the Court a signed medical excuse from his physician to justify his failure to attend the hearing on November 4, 2014, as ordered. On November 10, 2014, Loreno submitted a letter from Anthony F. Uberti, M.D., of New

2

Wilmington Family Med Assoc., P.C. The letter generally described Loreno's medical history and noted possible deficits in his memory and concentration. Dr. Uberti stated that Loreno "has had issues with this for quite some time." Dr. Uberti's letter is completely silent as to whether Loreno's medical condition rendered him physically unable to attend Court, as ordered, on November 4, 2014. There is no evidence that Dr. Uberti treated Loreno on November 4th, or that Dr. Uberti specifically instructed Loreno not to travel to Pittsburgh on that day. As noted above, the Court was given no advance notice of Loreno's alleged inability to appear in person.

On November 20, 2014 at 2:00 p.m., the date and time of the re-scheduled contempt hearing, neither Loreno nor Bartholomew was present in the courtroom. Nor had either of them contacted the Court to notify the Court that they would be tardy and/or absent. The Court's staff telephoned Dr. Uberti in an effort to discover Loreno's whereabouts. The Court learned that Loreno had self-reported to the emergency room at 7:37 a.m. that morning, complaining of chest pains; had been given a sedative; and had been discharged at 9:32 a.m. At 2:30 p.m., Bartholomew belatedly arrived in the courtroom, and advised that he had been delayed by court security. Neither Bartholomew nor the security desk notified the Court of any such delay.[1] Bartholomew represented that he and Loreno had gone to Loreno's office on November 19th, in

---

[1] Batholomew stated that it is a two-hour drive from his office in Hermitage, Pennsylvania to the Court in Pittsburgh, assuming good weather and normal traffic. The Court takes judicial notice that the Google Maps Driving Directions reflect that it takes only one hour and 11 minutes to make that drive. Similarly contrary to Bartholomew's statement to the Court, it takes only one hour and 9 minutes to drive from Loreno's office in Greenville, Pennsylvania to Erie, Pennsylvania.

an effort – apparently their first and only effort -- to comply with the government's document requests, but had been unsuccessful.[2]

During the hearing, the Court notified Bartholomew of its intention to hold Loreno in contempt of court. However, it took the matter under advisement and requested that the government provide a more-detailed status report. On November 25, 2014, the government filed a Status Report regarding the shortcomings in Loreno's discovery responses. ECF No. 93. In summary, the United States reports that Loreno's responses were incomplete and apparently untruthful, as they conflicted with the Master's Report from his divorce proceeding and the deposition testimony of his ex-wife. To wit, the government reports that Loreno failed to fully and truthfully disclose his income; his interest in a corporation; a full list of his business and personal financial accounts; his real estate holdings; his vehicles; his firearms and the proceeds from the sale of his firearms collection; his personal property; and his expenses. The United States reports that Loreno has still not produced **ANY** documents.

Findings of Fact and Conclusions of Law

In order to find a party in civil contempt, the Court "must find that (i) a valid court order existed, (ii) the [party] had knowledge of the order, and (iii) the [party] disobeyed the order." *John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 552 (3d Cir.2003) (*quoting Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir.1995)). A finding of civil contempt must be supported by "clear and convincing evidence." *Id*. Thus, "[a] contempt citation

---

[2] Bartholomew also informed the Court that Loreno's mother had recently died and that partial payment of Loreno's debt to the United States could be made by selling a parcel of real estate owned by her. The Court ordered Bartholomew to provide details to the government within seven (7) days.

should not be granted if there is ground to doubt the wrongfulness of the [party]'s conduct." *Harris*, 47 F.3d at 1326. Similarly, the "resolution of ambiguities ought to favor the party charged with contempt." *Id*. However, "[t]he validity of the underlying order is not open to consideration." *Id*.

To excuse non-compliance, the burden is on Loreno to "introduce evidence beyond 'a mere assertion of inability,' and to show that he has made 'in good faith all reasonable efforts to comply.'" *Harris*, 47 F.3d at 1324 (citations omitted). However, good faith alone is not a defense to civil contempt and willfulness is not a necessary element. *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir.1994).

The Court finds and concludes, by clear and convincing evidence, that Larry A. Loreno is in civil contempt of court. The Court finds that valid court orders exist, which authorized the government to pursue post-judgment discovery; and required Loreno to appear personally in Court on November 4, 2014 and November 20, 2014 (ECF Nos. 86, 89). The Court finds that Loreno had knowledge of the orders and a full and fair opportunity to be heard, in that his attorney, Mr. Bartholomew, called the Court on November 4th; and was personally present in Court on November 20th. *See also* Medical Letter provided by Loreno. ECF No. 91. Moreover, attorney Bartholomew interacted with the attorneys for the government regarding Loreno's discovery obligations and promised that discovery responses would be provided by the week of October 14th. The Court finds that Loreno has been engaged in lengthy, obstructionist disobedience of the orders of this Court and obstinate refusal to pay his tax debt. The Court finds that Loreno's proffered medical excuses for his failures to appear in Court are neither verified nor convincing. The letter of Dr. Uberti was post-hoc and generalized, and did not specifically excuse Loreno from travel on November 4th. As to November 20th, Loreno self-

reported to the emergency room, but was discharged at 9:32 a.m. Neither he nor his attorney made any effort to notify the Court of this development or to seek a continuance of the hearing.[3] Nor has a medical opinion regarding his inability to travel been provided. Moreover, several months have now elapsed during which Loreno has continually failed to comply with his discovery obligations – and Loreno has failed to pay his tax debt for over a decade. Accordingly, Loreno has failed to show that he made good faith, reasonable efforts to comply with the Court's orders.

Sanctions for civil contempt of a court order are designed to serve two purposes: (1) to coerce compliance with the Order; and (2) to compensate for losses sustained by the opposing party due to the disobedience. *Marshak v. Treadwell*, 595 F.3d 478, 494 (3d Cir. 2009). Unfortunately, it appears that Loreno must be coerced into providing full and complete responses to the discovery requests made by the government. Loreno's intransigence will not be tolerated any longer.

Attorney Bartholomew represented to the Court during the November 20th hearing that Loreno and he were unable to locate responsive documents in Loreno's office on November 19, 2014. Accordingly, the Court is inclined to permit the government to enter Loreno's office (and other locations if necessary) to inspect those premises in an effort to obtain such documents, if the government so requests. *See* Fed. R. Civ. P. 34(a)(2) (entry onto land); Fed. R. Civ. P. 45(a)(1)(C) and (c)(2)(B) (inspection of premises).

An appropriate Order follows.

McVerry, J.

---

[3] Although Bartholomew stated that he had spoken to Loreno's doctor on November 19th, he made no effort to communicate with the Court.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 1:10-cv-183 |
| v. | ) | |
| | ) | |
| LARRY A. LORENO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 26th day of November, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the UNITED STATES' MOTION TO COMPEL LARRY LORENO TO RESPOND TO DISCOVERY (ECF No. 84) is **GRANTED**.

Moreover, Larry A. Loreno is hereby adjudged in civil contempt of court. A bench warrant shall be issued for Loreno's arrest and imprisonment, beginning on December 8, 2014 and continuing until he has fully complied with his discovery obligations. Loreno may purge the civil contempt by providing full and complete responses to the discovery requests made by the government, as set forth in the government's status report (ECF No. 93). Counsel for the government shall advise the Court immediately when Loreno is in full compliance.

Attorney Bartholomew shall deliver this Memorandum Opinion and Order to Loreno FORTHWITH.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc: **Geoffrey J. Klimas, Esquire**
Email: geoffrey.j.klimas@usdoj.gov

**Katherine Reinhart**
Email: Katherine.Reinhart@usdoj.gov

**P. Raymond Bartholomew, Esquire**
Email: bmvlaw@hotmail.com

**Kevin Rakowski, Esquire**
Email: krakowski@blankrome.com

**Thomas S. Kubinski, Esquire**
Email: tom@ksslawfirm.com

Gary L. Lawhead and Tina L. Gilpin
56 Wood Street
Franklin, PA 16323
**(Via US Mail)**