IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

     Plaintiff,                    1:10cv183
                                 ELECTRONICALLY FILED

          v.

LARRY A. LORENO, et al.,

     Defendants.

**Memorandum Opinion**

**I.    Introduction**

This is a federal tax lien/foreclosure action wherein the United States of America has

sought to foreclose federal tax liens on several pieces of property owned by Defendant Larry

Loreno (Counts II to VII), as well as a firearms collection (Count VIII).  This case has a lengthy

procedural history dating back to July 28, 2010, and the undersigned is the third member of the

United States District Court for the Western District of Pennsylvania to be assigned this case.

The Court will recite the procedural history below, but a critical consideration in the Court's

analysis on the issues now raised by *pro se* Defendants, Gary Lawhead and Tina Gilpin

("Lawhead/Gilpin"),[1] in their (renewed) Motion to Dismiss, as well as Plaintiff's Motion for

---

[1] *Pro se* Defendants Lawhead/Gilpin are non-interested third parties, who, on March 13, 2013, purchased a property upon which a lien by the Internal Revenue Service (IRS) was recorded in Crawford County, because Defendant Loreno had a leasehold interest in the property, prior to a judicial sale.  Although the lien was recorded, the Sheriff's Office of Crawford County served a notice of the judicial sale on the IRS in Cincinnati, Ohio, but did not serve the United States Attorney's Office for the Western District of Pennsylvania or the Attorney General in Washington, D.C.  Although the United States of America had actual notice, the notice it received was allegedly deficient.  The United States of America filed an Amended Complaint to add a claim at Count V against the non-interested third parties. Lawhead/Gilpin, who are uncounseled and are appearing *pro se*, have filed the instant Motion to Dismiss along with other Motions to Dismiss throughout these proceedings. Defendants argue that "there is ample money to settle the debt with the IRS without selling our property.  It is time to release the lien on our property." Doc. 130. Although not titled as such, the Court will construe the *pro se* Motion to Dismiss as a Motion for Summary Judgment.

Partial Summary Judgment, is the fact that the United States of America and Defendant Loreno executed a settlement agreement which was embodied in a Consent Order, that resolved the tax liens at issue, and closed the case. The Court retained jurisdiction to enforce the Consent Order.

That settlement agreement, which was signed and Ordered by the Court on March 3, 2015, set forth a payment schedule for Defendant Loreno, and a list of the properties upon which the United States of America could seek an Order of Sale upon default by Defendant Loreno. That list did not include the property upon which Defendants Lawhead/Gilpin own a leasehold interest.

Accordingly, while staged in the context of a Motion to Dismiss, the issue is whether, in light of the Consent Order, and the fact that the lien appears to be satisfied (see doc. 151), it would be appropriate to GRANT Defendants' Lawhead/Gilpin Motion to Dismiss (which the Court will convert to a Motion for Summary Judgment). Under the circumstances, the Court finds that it is appropriate to do so. Accordingly, for the reasons set forth herein, the Court will GRANT Defendants' Motion to Dismiss/Motion for Summary Judgment (doc. 155) and will DENY as MOOT Plaintiff's Motion for Partial Summary Judgment (doc. 157).

## II.  Procedural History/Undisputed Facts

To recap, Defendant Loreno was delinquent in paying his federal income taxes for tax years 2000, 2001 and 2002. Plaintiff, the United States of America, brought suit against Defendant Loreno based upon the failure to pay these federal tax liens, and pursued liens which attached to all property and right to property then owned or thereafter acquired by Loreno. In accordance with 26 U.S.C. §7403(b), the United States of America originally named as Defendants Loreno, his former wife, Darlene A. Loreno (Darlene Hoy), the Mercer County Tax Claim Bureau, Greenville Borough, Bank of America, the Commonwealth of Pennsylvania, and the Crawford County Tax Claim Bureau.

Notices of these federal tax liens were filed in the office of the Mercer County Prothonotary and the Crawford County Prothonotary. On June 10, 2013, the Honorable Sean McLaughlin entered a default judgment against all of the named Defendants except for Loreno and Bank of America (doc. 45). On June 12, 2013, Judge McLaughlin entered an Order finding that the Government established that its assessment of Loreno's tax liability for the years 2000 through 2002 was accurate, thereby entitling the Government to a judgment in the amount of $141,768.70, plus interest accruing from January 14, 2013 until paid. (doc. 48).

The case was then reassigned to the Honorable Terrence F. McVerry, and the United States entered into a stipulation with Bank of America, thereby resolving all of its claims against Bank of America, which was approved on September 17, 2013 (doc. no. 54). An Amended Complaint (doc. 59) was filed adding new Defendants (including a claim at Count V as to Defendant Lawhead/Gilpin) and other allegations relative to Counts V, VI and VIII. As discussed in fn 1, Lawhead/Gilpin purchased a leasehold interest in property upon which the United States had a tax lien; the Tax Authority of Crawford County, however, allegedly failed to properly give the United States notice of the lien.

Another Motion for Partial Summary Judgment was filed on behalf of the United States of America, and against Defendant Loreno, and on March 26, 2014, the Court entered judgment in favor of the United States and against Defendant as to Counts II, III, IV and VII of the Amended Complaint. The March 26, 2014 Order further decreed that the United States has valid and subsisting Federal tax liens on all property and rights to property of Defendant Loreno, including his interest in the properties at issue in Counts II, III, IV, and VII of the Amended Complaint; and, that the federal tax liens relating to Defendant Loreno's federal income tax

liabilities and attaching to the properties of Defendant Loreno at issue in Counts II, III, IV, and VII of the Amended Complaint shall be foreclosed. (doc. 70 and 71).

Following a Motion for Order of Sale (doc. 81), Defendant Loreno was adjudged to be in civil contempt for his failure to respond to discovery requests by the United States of America. (doc. 94). An arrest warrant was issued on December 8, 2014, and following his purge of the civil contempt, on December 19, 2014, the Court released Defendant Loreno from imprisonment.

More Motion practice ensued and, significantly, as discussed in the Introductory section of this Memorandum, on March 13, 2015, the parties (the United States of America and Loreno) settled this case, and the Court entered an Order granting a Joint Motion for Entry of a Consent Order (doc. 109). The text of the Consent Order resolved all payment issues and set forth the Order of properties upon which the United States could obtain Orders of Sale. It is noted that at doc. no. 73, Defendant/Cross-claimants Gilpin and Lawhead had filed a Motion to Dismiss, which the Court by Consent Order mooted by Order of March 19, 2015, in light of the settlement of the case (doc. 109).

Importantly, the March 13, 2015 Consent Order changed the real estate that is subject to IRS execution (doc. 109). It added properties that were held in the name of Loren Corporation and were not listed in the Amended Complaint; and critically, it deleted several of the properties that were specified in the Amended Complaint, including the "real estate office" in Count II and the Lawhead/Gilpin property in Count V. The Consent Order also omitted the Firearms collection in Count VIII.

On March 13, 2015, the Court entered the Consent Order upon settlement of the claims by the parties, and closed the case, except to enforce the terms of the Settlement, and Ordered the

parties to file status reports on the status of the efforts to sell the aforementioned properties to satisfy the lien (doc. 109).

Another Motion to Dismiss was filed by Lawhead/Gilpin (regarding Count V) on March 15, 2016 (doc. 118), as well as a Motion to Dismiss as to Count VI (doc. 124). Following a hearing on July 7, 2016, Count VI was dismissed (doc. 133). While the Motion to Dismiss by Lawhead/Gilpin was pending, the undersigned was randomly assigned this case, and the Court denied the Motion to Dismiss (doc. 145) without prejudice.

On December 9, 2016, the parties filed a Joint Status Report relating to the remaining property which is addressed in the Consent Order (doc. 151). In it, the United States and Loreno explained that, following the sale of the remaining properties at auction, the remaining balance due on the judgment would be approximately $248.31 assuming a balance of $125,801.31, so long as Darlene Hoy did not receive half of the net proceeds of the sales.[2] Loreno made a $1,000 payment in early January, 2017. Within a week (doc. 165), Defendant Loreno will make another $1,000.00 payment (doc. 153 and 154); and therefore, the Court calculates that the balance on his outstanding debt will be zero.

## III. Standard of Review

As discussed above, although *pro se* Defendants have filed a Motion to Dismiss, presumably, because they have not answered the Amended Complaint, their arguments go to the merits of the claims and the facts of record, and appear to seek a form of equitable relief. The Court will therefore heed Plaintiffs' request to treat Defendants' Motion as a (Cross) Motion for Summary Judgment.

---

[2] In the Joint Status Report of December 9, 2016, the parties broadly state that Ms. Hoy "claims" a half-interest in the all the real property sold on December 3, 2016. Ms. Hoy was served with the Consent Order in March of 2015, and has never filed a document record in this Court to indicate any objection thereto.

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); see also *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged,* 659 F.3d 282, 290 (3d Cir. 2011); see also *S.H. ex rel. Durrell v. Lower Merion School Dist.*, --- F.3d --- (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – i.e., depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections,* 266 F.3d 186, 192 n. 2 (3d Cir. 2001)).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s).  Fed.R.Civ.P. 56(c)(1).  When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations."  *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007).

In the instant case, the parties have filed Cross-Motions for Summary Judgment.  It is well established in this circuit that the filing of contradictory motions for summary judgment "does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist."  *Lawrence v. City of Philadelphia*, Pa., 527 F.3d 299 (3d Cir. 2008) (quoting *Rains v. Cascade Indus.*, Inc., 402 F.2d 241, 245 (3d Cir. 1968)).

## IV.    Discussion

The issue in this case is whether the Court is required to enforce the terms of the settlement agreement[3] which was entered via Consent Order, thus eliminating any claims to the liens on the property of third-party Defendants Lawhead/Gilpin. The Court finds that the terms of the Consent Order justify a judgment as a matter of law on Count V of the Amended

---

[3] Basic contract principles apply to settlement agreements.  *United States v. Struble*, 489 Fed. Appx. 599 (3d Cir. 2012)(citations omitted).  The IRS has discretion to compromise a tax lien/debt, as it did here.  26 C.F.R. § 301.7122-1.

Complaint in favor of Defendants Lawhead/Gilpin and against Plaintiff.  The following record

facts inform this decision:  (1) the case was settled via Consent Order and closed on March 13,

2015; (2) the Consent Order specifically set forth the properties upon which a Notice of Sale

could be executed and it did not include the Lawhead/Gilpin property; (3) Darlene Hoy was

served and never objected to the terms of the settlement; therefore, she has waived her right to

object and she has waived any claim in this Court to the proceeds of the sales; (4) both Loreno

and the United States have agreed to sales of the properties listed in the Consent Order; (5)

according to the status report filed by the parties on December 9, 2016, the sale of those

properties, as set forth in the calculations at doc. 151, is enough to satisfy all but a remaining

balance of $248.31 due on the  judgment; (6) in early January, 2017, Loreno paid an additional

$1,000.00; and (7) within a week (early February, 2017) Loreno is expected to pay another

$1000.00.  Thus, the IRS will obtain complete relief without further attaching/encumbering the

leasehold interests of innocent third parties, Lawhead/Gilpin.

In addition to the unambiguous terms of the Consent Order, which constitute the law of

the case and are binding on this Court and the parties, the Court questions whether it would be

fair to these innocent third parties to continue to require them to be subject to a lien on their

property since the underlying tax debt of Loreno has been satisfied or will be satisfied through

other means.  In light of this ruling, the Court need not reach the issue of whether the notice was

improper other than to note that the lien could not be extinguished in this manner.[4]

Accordingly, the Court will GRANT Defendants' Lawhead/Gilpin's Motion to Dismiss

which the Court has converted to a Motion for Summary Judgment (doc. 155), and will DENY

---

[4] 26 U.S.C § 7425(a) provides that if the United States is not properly joined as a party to a judicial sale
proceeding, the sale is "made subject to and without disturbing the lien of the United States."  26 U.S.C. §
7425(a).  In other words, the tax lien continues to encumber the property when it passes to the third party.
*Myers v. United States*, 483 F.Supp. 1154, 1158 (W.D. La. 1980).

as MOOT Plaintiff's Motion for Partial Summary Judgment (doc. 157).  Finally, the Court will

GRANT the Motion to Dismiss as to Count VIII (doc. 160).  The Court direct that all proceeds of

the Sales listed in the Joint Status Report of December 9, 2016 be remitted to the IRS forthwith.

An appropriate Order follows.


s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge